**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KRISTAN HOEY,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-1731-JLB-AAS**

**DENTAL CARE ALLIANCE, L.L.C. d/b/a FLORIDA DENTAL CENTERS, et al.,**

**Defendants.**
**_______________________________________/**

# ORDER

Plaintiff Kristan Hoey filed a motion to compel discovery (Doc. 30) and a motion to compel compliance with subpoenas (Doc. 31). At the time of Ms. Hoey's filings, the deadline for discovery and motions to compel discovery had passed. (Doc. 22, p. 2). Ms. Hoey failed to file a motion to extend the discovery deadline.

While parties may conduct discovery after the court's deadline, "they cannot expect the court to resolve their post-deadline discovery disputes." *Fin. Info. Techs., LLC v. iControl Sys., USA, LLC*, No. 8:17-CV-190-T-23MAP, 2018 WL 8545873, *2 (M.D. Fla. June 12, 2018). Thus, Ms. Hoey's motions to compel are due to be denied. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e accord district courts broad discretion over the

management of pre-trial activities, including discovery and scheduling.") (citing *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)); *see also* Middle District Discovery (2021) (I)(F) ("Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.").[1] Although the court denies the motions as untimely on procedural grounds, this order should not be construed as a ruling on the substantive merits of the requests.

Accordingly, it is **ORDERED** that Ms. Hoey's motions to compel (Docs. 30, 31) are **DENIED**.

**ENTERED** in Tampa, Florida, on August 12, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

[1] The Case Management and Scheduling order states, "The parties must act promptly and with diligence to complete discovery by the deadline. Discovery requests are untimely if the notice or response period provided by rule expires after the discovery deadline. The parties—by their own agreement—may conduct discovery after the discovery deadline but motions to compel filed after the discovery deadline are presumptively untimely and may be denied on that basis alone." (Doc. 22, p. 3).